UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEFFREY D. MILES, in his capacity as Personal Representative of the Estate of Kimberly L. Miles and as legal guardian of B.L.M., a minor, and J.T.M., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>SHANGHAI ZHENHUA PORT MACHINERY CO., LTD., a Chinese corporation, ABB LTD., a Swiss corporation,<br><br>Defendants. | Case No. C08-5743 FDB<br><br>ORDER DENYING ABB LTD'S MOTION TO DISMISS AND FOR SUMMARY |

This matter comes before the Court on Defendant ABB Ltd's motion to dismiss for lack of jurisdiction and for summary judgment. The Court, having reviewed the pleadings, is fully informed and hereby denies the motion without prejudice for the reasons stated herein.

**Introduction and Background**

This is a products liability action arising from the death of Kimberly Miles. On August 13, 2005, while employed as a longshore worker in Tacoma Washington, Ms Miles died when struck by a cargo container that fell from the edge of a vessel as she was using a designated walkway

ORDER - 1

between the vessel and the crane loading the vessel.  Plaintiff contends that the crane malfunctioned and the crane's spreader failed to unlock from the container being loaded on the ship, ultimately resulting in the container toppling over the edge of the vessel crushing Ms Miles.

Plaintiff filed suit on January 9, 2008 in Pierce County Superior Court against four John Doe defendants.  Thereafter, Plaintiff served subpoenas on numerous entities, including Ms. Miles employer, the owner of the vessel, and owner of the crane, Hemlock Equipment, LLC.  In response to Plaintiff's subpoena, on July 31, 2008, Hemlock Equipment, LLC produced crane manuals entitled "ABB Crane Systems STS Crane Instruction Manual."  Plaintiff states that the crane manuals have an ABB logo that corresponds to the logo on the Swiss corporation ABB Ltd.'s annual report and corporate website.  This same website states that ABB Ltd. operates in more than 100 countries and includes office addresses in the State of Washington.

Subsequent to obtaining the crane manuals, Plaintiff filed its First amended complaint in Pierce County Superior Court naming ABB Ltd. as a defendant.  On November 21, 2008, ABB Ltd. was served with Plaintiff's summons and First Amended Complaint through its wholly-owned subsidiary company, ABB Inc. of Norwalk, Connecticut.

On December 12, 2008, Defendant ABB Ltd., filed a notice of removal.  On February 23, 2009, Plaintiff served ABB Ltd.'s offices in Zurich, Switzerland.  Defendant ABB Ltd. then filed the instant motion to dismiss and for summary judgment.

ABB Ltd. contends that Plaintiff has failed to present a material issue of fact that ABB Ltd. designed or manufactured any part of the container crane and thus cannot establish proximate cause.  Defendant also asserts that it is not subject to personal jurisdiction.  Plaintiff's response asserts that (1) triable issues of fact have been presented precluding summary judgment, (2) Defendant's motion is not properly supported, and (3) Plaintiff should be permitted to conduct additional discovery pursuant to Fed. R. Civ. P. 56(f).

Although the Court is in agreement with Defendant that as of this date, Plaintiff has failed to

ORDER - 2

raise a genuine issue of fact that ABB Ltd. designed or manufactured a component part of the crane, or that ABB, Ltd. is subject to the personal jurisdiction of this Court, the Court finds that Plaintiff is entitled to additional discovery to allow Plaintiff the opportunity to ascertain ABB Ltd.'s role in this accident ant its contacts with this jurisdiction.

**Fed R. Civ. P. 56(f)**

Fed R. Civ. P. 56(f) provides that if a party opposing a motion for summary judgment shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.

To warrant a denial or a delay in judgment pursuant to Rule 56(f), the requesting party must show (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery, (2) the facts sought exist, and (3) the sought-after facts are essential to oppose summary judgment. Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp., 525 F.3d 822, 827 (9th Cir. 2008). Factors courts have considered in granting motions pursuant to Rule 56(f) include: (1) a summary judgment motion made early in the litigation before relevant discovery could be completed; (2) discovery having been stayed by court order; (3) the case involves complex facts requiring additional discovery; (4) the material facts are within the exclusive knowledge of the moving party; (5) discovery requests are currently outstanding to the moving party; and (6) the motion raises new and unanticipated issues. See Garrett v. San Francisco, 818 F.2d 1515 (9th Cir.1987), DiMartini v. Ferrin, 889 F.2d 922 (9th Cir. 1989). Where a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant and Rule 56(f) motion fairly freely. Burlington N. Santa Fe. R.R. v. Assiniboine & Sioux Tribes of the Fort Peck Reservation, Montana, 323 F.3d 767, 773 (9th Cir. 2003). However, summary judgment will not be delayed where the facts sought appear irrelevant, cumulative, or futile. See Burlington N. Santa Fe. R.R., at 774. The district court has

ORDER - 3

the discretion to deny further discovery "if the movant has failed diligently to pursue discovery in the past, or if the movant fails to show how the information sought would preclude summary judgment." Cal. Union Ins. Co. v. Am. Diversified Sav. Bank, 914 F.2d 1271, 1278 (9th Cir. 1990).

In this case ABB Ltd. filed its motion for summary judgment on July 9, 2009. Pursuant to the Court's April 24, 2009 scheduling order, trial is set for October 4, 2010 and the discovery is to be completed by June 7, 2010. Plaintiff did not ascertain ABB Ltd's potential involvement in this action until July 31, 2008, when in response to subpoena, Plaintiff obtained the crane's instruction manuals from the crane owner, Hemlock Equipment, LLC. Plaintiff then amended his complaint to name ABB Ltd. as a named defendant and on November 21, 2008 served the summons and complaint on ABB Ltd. Through its wholly-owned subsidiary, ABB Inc. Plaintiff subsequently obtained service of the summons and complaint on ABB Ltd. at its offices in Zurich Switzerland on February 23, 2009.

In support of its motion for summary judgment Defendant states that it did not design or manufacture any part for the container crane. However, this statement appears to be controverted by the crane's instruction manual and information contained on the corporate website. Plaintiff has served Defendant ABB Ltd. with discovery requests that seek information regarding Defendant's activities related to the crane. Depending on the responses, further discovery may be warranted. Given the early stages of discovery and the opportunity to complete this investigative discovery, the present contradictions may disappear and the potential involvement of this ABB Ltd. resolved.

Accordingly, the Court will deny Defendant's motion for summary judgment without prejudice to raise it at the completion of discovery.

**Jurisdictional Discovery**

A district court has discretion to permit or deny jurisdictional discovery. Boschetto v. Hansing, 539 F.3d 1011, 1020 (9th Cir. 2008). "Discovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory

ORDER - 4

showing of the facts is necessary." Id. A plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum." El-Fadl v. Cent. Bank of Jordan, 75 F.3d 668, 676 (D.C. Cir. 1996). If a party demonstrates that it can supplement its jurisdictional allegations through discovery, then jurisdictional discovery is justified. GTE New Media Services Inc. v. BellSouth Corp., 199 F.3d 1343, 1351 (D.C. Cir. 2000).

The Court concludes that Plaintiff's discovery request is reasonable, and that Plaintiff should be allowed to conduct reasonable jurisdictional discovery in order to make a "more satisfactory showing" of jurisdictional facts. Boschetto, at 1020. In light of the foregoing, the Court denies the motion to dismiss for lack of personal jurisdiction. See Fed. R. Civ. P. 56(f).

**Conclusion**

For the foregoing reasons, the Court denies the motion for summary judgment as premature without prejudice to its renewal and denies the motion to dismiss for lack of jurisdiction pending jurisdictional discovery.

ACCORDINGLY;

IT IS ORDERED:

ABB Ltd's Motion to Dismiss and for Summary Judgment [Dkt. # 38] is **DENIED**.

DATED this 10th day of August, 2009.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 5