Honorable Franklin D. Burgess

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| JEFFREY D. MILES, in his capacity as Personal Representative of the Estate of Kimberly L. Miles and as legal guardian of B. M., a minor, and J. Miles, a minor,<br><br>Plaintiff,<br><br>vs.<br><br>SHANGHAI ZHENHUA PORT OF MACHINERY CO., LTD., Chinese corporation, ABB LTD., a Swiss corporation, EVERGREEN MARINE CORP., LTD., a Taiwanese corporation, HEMLOCK EQUIPMENT, LLC, a Delaware limited liability company, and ISLAND EQUIPMENT, LLC, a Delaware limited liability company,<br><br>Defendant. | No. 08-CV-5743 FDB<br><br>**DEFENDANT ABB LTD.'S MOTION TO COMPEL DISCOVERY RESPONSES FROM PLAINTIFF**<br><br>**NOTE ON MOTION CALENDAR: NOVEMBER 13, 2009** |

## I.   RELIEF REQUESTED

Pursuant to FRCP 37, Defendant ABB, Ltd. moves the Court to compel Plaintiff to answer certain discovery requests and produce responsive documents. This is a product liability action. Plaintiff is the personal representative of the decedent's estate and the legal

DEFENDANT ABB LTD.'S MOTION TO COMPEL DISCOVERY RESPONSES FROM PLAINTIFF – PAGE 1
CAUSE NO. 08-CV-5743 FDB

434088 / 3516.0032

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164-2050
(206) 689-8500 • (206) 689-8501 FAX

guardian of her minor children. Plaintiff claims the decedent died because of an alleged defect in a cargo container crane at the Port of Tacoma.

ABB's discovery requests ask Plaintiff to identify the alleged product defects and provide information about the minors' health care providers and schools. Plaintiff objected, claiming work product immunity, that ABB had exceeded the 25-interrogatory limit, and/or that the requested information was outside the scope of discovery. The Court should grant ABB's motion because Plaintiff's explanation of the alleged defects is not protected work product, ABB did not exceed the interrogatory limit, and the requested information is relevant to Plaintiff's claims or ABB's defenses.

## II.   STATEMENT OF FACTS

This wrongful death and product liability action arises from a fatal accident at the Port of Tacoma. (Hooks Decl., Ex. 1 at ¶¶ 10-13.) The decedent, Ms. Kimberly Miles, was a longshore worker. (Id. at ¶ 10.) Prior to the accident, she walked beneath a crane that was loading cargo containers onto a ship. (Id. at ¶ 11.) A container fell from the ship and struck Ms. Miles, killing her. (Id. at ¶¶ 12-13.)

The decedent is survived by her two minor children and ex-husband, Plaintiff Jeffrey Miles. (Hooks Decl., Ex. 1 at ¶ 1.) Mr. Miles is the personal representative of the decedent's estate and legal guardian of the minor children. (Id.) Plaintiff filed suit in January 2008 on behalf of the decedent's estate and the two minors. (Hooks Decl., Ex. 2.) Plaintiff's complaint asserts several causes of action, including wrongful death, survival, and loss of parental consortium. (Hooks Decl., Ex. 1 at ¶¶ 19-22.)

Plaintiff alleges that the crane at issue was manufactured by Defendant Shanghai Zhenhua Port Machinery, Co., Ltd. (ZPMC). (Hooks Decl., Ex. 1 at ¶ 2.) Plaintiff further

DEFENDANT ABB LTD.'S MOTION TO COMPEL DISCOVERY RESPONSES FROM PLAINTIFF – PAGE 2
CAUSE NO. 08-CV-5743 FDB

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164-2050
(206) 689-8500 • (206) 689-8501 FAX

434088 / 3516.0032

alleges that Defendant ABB, Ltd. designed and manufactured the crane's electrical and automation systems. (Id. at ¶ 3.) According to Plaintiff, the crane and its systems were not reasonably safe as designed, did not come with adequate warnings or instructions, and were not reasonably safe in construction. (Id. at ¶¶ 16-17.)

ABB issued 20 interrogatories and 18 requests for production to Plaintiff. (Hooks Decl., Ex. 3.) Plaintiff objected to several of the requests, including those regarding the alleged product defects and the minors' schools and health care providers. (Id. at pp. 7-8, 16-18, 21-23.) Counsel had a telephonic discovery conference but were unable to resolve their disagreement about Plaintiff's assertion of work product immunity, the allegedly excessive number of interrogatories, relevance, and the scope of discovery. (Hooks Decl., Exs. 4-5.)

### III.  STATEMENT OF ISSUES

1. Is Plaintiff's explanation of the alleged product defects subject to work product immunity?

2. Does an interrogatory that asks for identical information about both minor children count as two interrogatories? Similarly, does this lawsuit feature not one but three plaintiffs, i.e., the decedent's estate and the two minor children, such that Defendant ABB could have issued 25 interrogatories to each plaintiff?

3. Are information and documents regarding the minors' health care providers and schools related to their loss of parental consortium claims (or ABB's defenses to this claim) and therefore within the scope of discovery?

### IV.  AUTHORITY AND ARGUMENT

**A.  The Court Should Compel Plaintiff to Answer Discovery Requests Regarding the Alleged Product Defects**

    **1.  Plaintiff's Explanation of the Alleged Product Defect is Not Work Product**

ABB's discovery requests asked Plaintiff to explain his allegations of liability and product defect. One such request provided:

DEFENDANT ABB LTD.'S MOTION TO COMPEL DISCOVERY RESPONSES FROM PLAINTIFF – PAGE 3
CAUSE NO. 08-CV-5743 FDB

434088 / 3516.0032

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164-2050
(206) 689-8500 • (206) 689-8501 FAX

**INTERROGATORY NO. 9.** As to each defendant whom you claim is liable to you, state the following:

(a) All facts which support or pertain to such allegations of liability;
(b) Identify all persons having knowledge of such facts; and
(c) Identify all documents that support or pertain to such facts.

(Hooks Decl., Ex. 3 at pp. 7-9.) Plaintiff objected, asserting that Interrogatory No. 9 asked for work product and sought to have plaintiff counsel perform defense counsel's work. (Id. at pp. 7-8.)

Subject to his objections, Plaintiff referred ABB to paragraphs 10-22 of the First Amended Complaint, identified several fact witnesses, and reserved the right to supplement his answer. (Hooks Decl., Ex. 3 at pp. 7-9.) The totality of the allegations in the complaint are that the crane malfunctioned; the crane's spreader failed to unlock; and the crane, the spreader, and the crane's electrical and automation equipment were not reasonably safe as designed, did not come with adequate warnings or instructions, and were not reasonably safe in construction. (Hooks Decl., Ex. 1 at ¶¶ 10-22.) The complaint and discovery answers shed no light on the alleged product defects.

Plaintiff's objections miss the mark. ABB does not seek plaintiff counsel's litigation strategy or other work product. Rather, ABB wants Plaintiff to identify the alleged product defects. ABB seeks the factual bases for Plaintiff's allegation of product defect. Plaintiff's explanation of how or why the products are defective is not work product.

DEFENDANT ABB LTD.'S MOTION TO COMPEL DISCOVERY RESPONSES
FROM PLAINTIFF – PAGE 4
CAUSE NO. 08-CV-5743 FDB

434088 / 3516.0032

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164-2050
(206) 689-8500 • (206) 689-8501 FAX

Work-product protection applies to the discovery of "documents and tangible things" prepared in anticipation of litigation, whether prepared by counsel, the party, or the party's expert.[1] But the protection does not extend to underlying facts.[2]

Plaintiff, as the party asserting immunity, has the burden of establishing work-product protection.[3] He has not met his burden. Nor has he produced the required privilege log to support his claim of work product.[4]

Plaintiff's objections lack merit. ABB is entitled to substantive answers regarding the alleged product defects. Plaintiff filed his original complaint in January 2008. (Hooks Decl., Ex. 2.) He has had the last 21 months to identify the alleged defects. If Plaintiff cannot explain the alleged defects, he should dismiss his lawsuit.

### 2. ABB Did Not Exceed the 25-Interrogatory Limit

ABB's 20 interrogatories included three, Nos. 18-20, asking Plaintiff to describe the "evidence, information, documents, and the basis" for his allegation that the crane's systems

---

[1] FRCP 26(b)(3); accord Admiral Ins. Co. v. United States Dist. Court for Dist. of Arizona, 881 F.2d 1486, 1494 (9th Cir. 1989); In re Firestorm 1991, 129 Wash.2d 130, 150, 916 P.2d 411, 421 (1996).

[2] See Hickman v. Taylor, 329 U.S. 495, 504, 67 S. Ct. 385, 91 L. Ed. 451 (1947) ("A party clearly cannot refuse to answer interrogatories on the ground that the information sought is solely within the knowledge of his attorney."); Pacific Fisheries, Inc. v. United States, 539 F.3d 1143, 1148 (9th Cir. 2008) ("But they [the attorney work-product and deliberative process privileges] differ in important ways, not the least of which is their treatment of factual material within documents. Factual portions of documents covered by the deliberative process privilege must be segregated and disclosed unless they are 'so interwoven with the deliberative material that [they are] not [segregable].'" (quoting United States v. Fernandez, 231 F.3d 1240, 1247 (9th Cir. 2000))); In re Savitt/Adler Litig., 176 F.R.D. 44, 48 (N.D. N.Y.1997) (finding that plaintiffs' "work product" objections to interrogatories, which requested facts supporting plaintiffs' contentions, were improper because work product protection does not extend to facts); Doan v. Astrue, No. 04Cv2039, 2009 WL 3246776, *3 (S.D. Cal. Oct. 6, 2009) ("Other authorities agree that factual information is discoverable even when the information was obtained through the attorney's own investigation."); Transit Authority of River City v. Vinson, 703 S.W.2d 482, 486 (Ky. Ct. App. 1985) ("[W]ork product immunity protects only the documents themselves and not the underlying facts.").

[3] Lexington Ins. Co. v. Swanson, 240 F.R.D. 662, 671 (W.D. Wash. 2007).

[4] See FRCP 26(b)(5)(A) (requiring the party that withholds otherwise discoverable information to describe the nature of the "documents, communications, or tangible things," in a manner that will enable other parties to assess the claim).

DEFENDANT ABB LTD.'S MOTION TO COMPEL DISCOVERY RESPONSES FROM PLAINTIFF – PAGE 5
CAUSE NO. 08-CV-5743 FDB

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164-2050
(206) 689-8500 • (206) 689-8501 FAX

434088 / 3516.0032

were not safe as designed, did not come with adequate warnings or instructions, and were not reasonably safe in construction. (Hooks Decl., Ex. 3 at pp. 17-18.) Three matching requests for production, Nos. 16-18, asked Plaintiff to produce any related documents. (Id. at pp. 22-23.)

As before, Plaintiff claimed work product immunity. (Hooks Decl., Ex. 3. at pp. 17-18, 22-23.) He further objected that ABB exceeded the 25-interrogatory limit in FRCP 33(a)(1). (Id.)

According to Plaintiff, several of ABB's 20 interrogatories count as two interrogatories, i.e., Nos. 4, 8, and 14-17. (Hooks Decl., Ex. 5.) By Plaintiff's count, ABB issued 26 interrogatories. Plaintiff is mistaken. He also ignores that there is no limit on the number of requests for production.

Interrogatories 8 and 14-17 ask for identical information about each of the decedent's children. (Hooks Decl., Ex. 3 at pp. 7, 15-17.) But this does not mean that each such request counts as two interrogatories.

Furthermore, this lawsuit has not one but three plaintiffs – the decedent's estate and the two minor children. Thus, ABB could have issued 25 interrogatories to the estate and 25 to each minor.[5] Accordingly, even if ABB did issue 26 interrogatories to Plaintiff, ABB still did not exceed the limit.

The Court should order Plaintiff to answer ABB's discovery requests. If the Court accepts Plaintiff's argument, ABB respectfully requests leave to allow the extra interrogatories, Nos. 16-18, and that Plaintiff be compelled to answer within two weeks.

---

[5] See FRCP 33(a)(1) ("[A] party may serve on any other party no more than 25 written interrogatories . . . .").

DEFENDANT ABB LTD.'S MOTION TO COMPEL DISCOVERY RESPONSES
FROM PLAINTIFF – PAGE 6
CAUSE NO. 08-CV-5743 FDB

434088 / 3516.0032

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164-2050
(206) 689-8500 • (206) 689-8501 FAX

### B. Plaintiff Should Be Compelled To Answer Discovery Requests Regarding the Minors' Education and Health

ABB's interrogatories, Nos. 15 and 17, ask for information regarding the minors' health care providers and schools. (Hooks Decl., Ex. 3 at pp. 16-17.) ABB's requests for production, i.e., No. 11, asked for copies of the minors' school records and transcripts. (Id. at p. 21.) Plaintiff objected, claiming the requested information and documents were not relevant to a claim or defense and were not reasonably calculated to lead to the discovery of admissible evidence. (Id. at pp. 16-17, 21) To the contrary, the requested information and documents are relevant to the minors' claims and ABB's defenses.

The minors seek damages for, among other things, loss of their mother's "love, affection, care, companionship, society, guidance, and parental consortium." (Hooks Decl., Ex. 1 at ¶ 20.) Evidence regarding these claims will likely focus on the nature of the parent-child relationship, and the effect of the decedent's death on that relationship.

Witnesses who have observed the minors may have relevant information as to the nature and closeness of the parent-child relationship. Teachers and health care providers might be in the best position to observe and evaluate the impact of the decedent's death on the minors.

Furthermore, Defendants should be allowed to discover potential friction and hostilities in the parent-child relationship prior to the decedent's death to show that the decedent and children had a poor relationship or were estranged. Similarly, Plaintiff may assert that the decedent's death has had a profound and lasting impact on the minors and has negatively impacted their grades and mental health. Thus, the school and health care records are relevant.

DEFENDANT ABB LTD.'S MOTION TO COMPEL DISCOVERY RESPONSES
FROM PLAINTIFF – PAGE 7
CAUSE NO. 08-CV-5743 FDB

434088 / 3516.0032

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164-2050
(206) 689-8500 • (206) 689-8501 FAX

## V. CONCLUSION

For the reasons set forth above, Defendant ABB requests that the Court grant the motion to compel.

DATED this 29th day of October, 2009.

By: /s/ Michael Hooks

Michael P. Hooks, WSBA #24153
Forsberg & Umlauf, P.S.
910 Fifth Avenue, Suite 1400
Seattle, WA 98164-2050
Telephone: 206-689-8500
Fax: 206-689-8501
E-mail: mhooks@forsberg-umlauf.com
Attorneys for ABB Ltd.

DEFENDANT ABB LTD.'S MOTION TO COMPEL DISCOVERY RESPONSES
FROM PLAINTIFF – PAGE 8
CAUSE NO. 08-CV-5743 FDB

434088 / 3516.0032

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164-2050
(206) 689-8500 • (206) 689-8501 FAX

## CERTIFICATE OF SERVICE

The undersigned certifies under the penalty of perjury under the laws of the State of Washington that I am now and at all times herein mentioned, a citizen of the United States, a resident of the State of Washington, over the age of eighteen years, not a party to or interested in the above-entitled action, and competent to be a witness herein.

On the date given below I caused to be served the foregoing **DEFENDANT ABB LTD.'S MOTION TO COMPEL DISCOVERY RESPONSES FROM PLAINTIFF** on the following individuals in the manner indicated:

Mr. Anthony L. Rafel
Mr. Robert A. Hyde
David C. Martin
Rafel Law Group, PLLC
999 Third Avenue, Suite 1600
Seattle, WA 98104
Facsimile: 206-838-2661
(X) Via ECF

Mr. Paul L. Anderson
Law Office of Paul L. Anderson, P.L.L.C.
P.O. Box 48102
Seattle, WA 98166
Facsimile: 206-467-0351
(X) Via ECF

Peter A. Lindh, Esq.
Marker E. Lovell, Jr.
Gibson Robb & Lindh LLP
100 First Street, 27th Floor
San Francisco, CA 94105
Facsimile: 415.348.6001
(X) Via ECF

**SIGNED** this 29th day of October, 2009, at Seattle, Washington.

*Laurie J. Fisher*
Laurie J. Fisher

DEFENDANT ABB LTD.'S MOTION TO COMPEL DISCOVERY RESPONSES
FROM PLAINTIFF – PAGE 9
CAUSE NO. 08-CV-5743 FDB

434088 / 3516.0032

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164-2050
(206) 689-8500 • (206) 689-8501 FAX