Honorable Franklin F. Burgess

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| JEFFREY D. MILES, in his capacity as Personal Representative of the Estate of Kimberly L. Miles and as legal guardian of B. M., a minor, and J. Miles, a minor,<br><br>Plaintiff,<br><br>vs.<br><br>SHANGHAI ZHENHUA PORT OF MACHINERY CO., LTS., Chinese corporation, ABB LTD., a Swiss corporation, EVERGREEN MARINE CORP., LTD., a Taiwanese corporation, HEMLOCK EQUIPMENT, LLC, a Delaware limited liability company, and ISLAND EQUIPMENT, LLC, a Delaware limited liability company,<br><br>Defendant. | No. 08-CV-5743 FDB<br><br>**DEFENDANT ABB LTD.'S REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES FROM PLAINTIFF**<br><br>**NOTE ON MOTION CALENDAR: NOVEMBER 13, 2009** |

## I.   INTRODUCTION

ABB Ltd. submits this reply in support of its Motion To Compel Discovery Responses from Plaintiff.

DEFENDANT ABB LTD.'S REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES FROM PLAINTIFF – PAGE 1
CAUSE NO. 08-CV-5743 FDB

436402 / 3516.0032

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164-2050
(206) 689-8500 • (206) 689-8501 FAX

## II. AUTHORITY AND ARGUMENT

### A. ABB Ltd. Is Entitled To Discover the Factual Basis for the Alleged Defects

In Interrogatories 9 and 18-20, ABB Ltd. seeks the factual basis for Plaintiff's allegation that ABB manufactured a defective product. Remarkably, Plaintiff responds that he is not required to identify the alleged defects until the deadline for expert reports on March 25, 2010. Plaintiff argues simply that he need only allege generally that an unidentified ABB product was defectively designed, defectively constructed and/or defective because of inadequate warnings. Plaintiff argues he is not required to identify the factual bases for his claim of product defect; Plaintiff argues he is not required to identify, for instance, what product manual or warning was allegedly defective or even which component part was allegedly defective. Plaintiff's position is groundless.

Interrogatory 9 asked Plaintiff to state the facts supporting his claim that Defendants are liable. (Hooks Decl., Ex. 3. at p. 7.) Plaintiff answered by referencing the allegations in his complaint. (Id. at p. 8.) The allegations might satisfy notice pleading requirements but do not identify the alleged defects. The complaint indicates only that the crane's spreader failed to unlock before the container fell from the ship and struck the decedent. (Hooks Decl., Ex. 1 at ¶ 12.) Plaintiff alleges, however, that ZPMC manufactured the spreader. (Id. at ¶ 2.) The complaint does not explain why Plaintiff contends the spreader was defective or why ABB Ltd. is liable for any defect. (Id. at ¶¶ 10-22.) In short, Plaintiff contends he is not required to explain prior to March 25, 2010 what part(s) allegedly manufactured by ABB Ltd is defective, or why such part(s) is allegedly defective.

Plaintiff's position is not only groundless, it leaves ABB Ltd with no opportunity to respond to Plaintiff's allegations. By way of its example, Plaintiff alleges that an ABB Ltd

DEFENDANT ABB LTD.'S REPLY IN SUPPORT OF MOTION TO COMPEL
DISCOVERY RESPONSES FROM PLAINTIFF – PAGE 2
CAUSE NO. 08-CV-5743 FDB

436402 / 3516.0032

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164-2050
(206) 689-8500 • (206) 689-8501 FAX

product was defective because inadequate warnings or instructions were provided. It is not surprising, however, that for a machine as large and complex as a container crane, multiple operational manuals and related instructions were provided.[1] Plaintiff contends he is not required until next March to identify which instructions he contends were inadequate.

Plaintiff argues that Interrogatory 9 does not ask him to explain how the products are defective. He is mistaken. Plaintiff alleges that Defendants are liable because their products are defective. (Hooks Decl., Ex. 1 at ¶¶ 16-17.) Interrogatory 9 asks Plaintiff to explain the facts that support his allegations of liability. (Hooks Decl., Ex. 3 at p. 7.) Thus, the Interrogatory fairly calls for Plaintiff to identify the alleged defects.[2]

Plaintiff further argues that Interrogatory 9 is a premature and abusive contention interrogatory because the case is still in the early stages of discovery and the deadline for disclosing expert opinions is in March 2010. The Court should reject Plaintiff's argument.

First, Plaintiff filed suit on January 9, 2008. (Hooks Decl., Ex. 2.) Since that date, plaintiff has subpoenaed thousands of pages of documents related to this crane. Plaintiff has had ample opportunity to identify any alleged defects. Similarly, Plaintiff did not explain what additional discovery he needs, if any. He should not be heard to complain that he needs more information.

---

[1] It is important also to note that Plaintiff remains unable to establish that ABB Ltd. designed or manufactured any component of this container crane. ABB Ltd. moved for summary judgment and to dismiss on the grounds ABB Ltd. is not subject to personal jurisdiction and that plaintiff cannot establish proximate causation against ABB Ltd. The Court denied that motion without prejudice (Dkt. #48). ABB Ltd.'s written discovery is designed in part to have Plaintiff identify the specific component he alleges ABB Ltd. manufactured. With that identification, ABB Ltd. may then be able to establish the correct manufacturer of that component and renew its motion for summary dismissal.

[2] Furthermore, Interrogatories 18-20 expressly asked Plaintiff to describe the basis for his allegation that the crane's systems were not safe as designed, did not come with adequate warnings or instructions, and were not safe in construction. (Hooks Decl., Ex. 3 at pp. 17-18.) Plaintiff provided only objections in response. (Id.)

DEFENDANT ABB LTD.'S REPLY IN SUPPORT OF MOTION TO COMPEL
DISCOVERY RESPONSES FROM PLAINTIFF -- PAGE 3
CAUSE NO. 08-CV-5743 FDB

436402 / 3516.0032

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164-2050
(206) 689-8500 • (206) 689-8501 FAX

Second, the deadline for Plaintiff to disclose his expert opinions does not operate as a protective order or stay of discovery. Plaintiff cannot hide his explanation of the alleged defects because the deadline is not here.[3] Rather, ABB is entitled to know the factual bases for Plaintiff's allegations of product defect,[4] which go to the heart of the case, and should not have to wait until a certain phase of discovery is completed to know this information.[5] ABB's discovery requests for the factual bases of the alleged product defect are not premature. Plaintiff is under a duty to provide ABB with the most complete answers to his knowledge at this time.[6]

If Plaintiff has yet to identify any alleged defect, he should say so.[7] He is then free to supplement his discovery answers. FRCP 26(e).

Finally, as to this issue, Plaintiff argues it is improper to ask a party to identify documents which support the party's factual basis of a claim. Plaintiff argues such infringes on work product protection. In this case, however, Plaintiff has not produced a privilege log

---

[3] See, e.g., Johnson v. Kraft Foods North America, Inc., 236 F.R.D. 535, 544-45 (D. Kan. 2006) (finding contention interrogatories were not premature and stating, "[b]ecause of the simplicity of notice pleading, [p]laintiff should provide as much information as possible regarding his claims without delay and as early as required").

[4] See FRCP 26(b)(1) ("Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."); Burke v. Superior Court, 71 Cal.2d 276, 281, 78 Cal. Rptr. 481, 455 P.2d 409 (1969) ("Discovery necessarily serves the function of 'testing the pleadings,' i.e., enabling a party to determine what his opponent's contentions are and what facts he relies upon to support his contentions."); see also Essex Builders Group, Inc. v. Amerisure Ins. Co., 230 F.R.D. 682, 685 (M.D. Fla. 2005) ("[Defendant] is entitled to know the factual basis for [plaintiff]'s allegations against it, and [plaintiff] is obligated to furnish the information that is available to it."); Cornaglia v. Ricciardi, 63 F.R.D. 416, 419 (E.D. Pa. 1974) ("It is beyond question that defendant is entitled to discovery of the facts upon which plaintiff's claim of fraud is founded.").

[5] Cf. FRCP 26(d)(2)(B) ("[D]iscovery by one party does not require any other party to delay its discovery.").

[6] See Hickman v. Taylor, 329 U.S. 495, 507, 67 S. Ct. 385, 91 L. Ed. 451 (1947) ("Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession.").

[7] See McElroy v. United Air Lines, Inc., 21 F.R.D. 100, 102 (W.D. Mo. 1957) ("Answers to interrogatories, as adjuncts to the pleadings, do limit the issues and define the contentions of the parties . . . . So far as interrogatories require the production of information, parties must disclose whatever information they have as of the time of the demand by the interrogatories.").

DEFENDANT ABB LTD.'S REPLY IN SUPPORT OF MOTION TO COMPEL
DISCOVERY RESPONSES FROM PLAINTIFF – PAGE 4
CAUSE NO. 08-CV-5743 FDB

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164-2050
(206) 689-8500 • (206) 689-8501 FAX

436402 / 3516.0032

and has failed otherwise to explain why or how identification of non-privileged documents which support his factual arguments would infringe on work product protection.

## B. ABB Did Not Exceed the 25-Interrogatory Limit

Plaintiff refused to answer Interrogatories 18-20 and Requests for Production 16-18, claiming that ABB exceeded the 25-interrogatory limit in FRCP 33(a)(1). Although Plaintiff spent three pages of his ten-page opposition counting discrete subparts of various interrogatories, he failed to meet ABB's argument on this issue – that the decedent's estate and two minor children are three separate plaintiffs and therefore, ABB could have served 25 interrogatories on each plaintiff and did not exceed the limit.[8] The Court should mark Plaintiff's silence on this point and grant ABB's motion to compel.

Plaintiff presents inconsistent argument. He argues that the estate and the two minor children are "three separate individuals" when counting subparts of various interrogatories (Opposition at P. 7). Yet, Plaintiff also suggests ABB Ltd. is limited in its interrogatorires because Plaintiff is only one party. ABB did not exceed the interrogatory limit. Plaintiff should answer all of ABB's discovery requests.

In the event the Court holds that ABB exceeded the limit of 25 interrogatories, ABB requests leave for Interrogatories 18-20 pursuant to Federal Rule of Civil Procedure 33(a)(1) and asks that Plaintiff be ordered to answer these Interrogatories within two weeks.

## C. School and Medical Records Are Relevant to the Loss of Consortium Claims

Interrogatories 15 and 17 seek information about the minors' schools and health care providers. (Hooks Decl., Ex. 3 at pp. 16-17.) Request for Production 11 seeks copies of their

---

[8] FRCP 33(a)(1) ("[A] party may serve on any other party no more than 25 written interrogatories, including all discrete subparts.") (emphasis added).

DEFENDANT ABB LTD.'S REPLY IN SUPPORT OF MOTION TO COMPEL
DISCOVERY RESPONSES FROM PLAINTIFF – PAGE 5
CAUSE NO. 08-CV-5743 FDB

436402 / 3516.0032

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164-2050
(206) 689-8500 • (206) 689-8501 FAX

school records and transcripts. (<u>Id.</u> at p. 21.) Plaintiff argues this information is irrelevant because the minors have not alleged physical injury, emotional distress, or that their grades have suffered since their mother's death. Other courts have rejected Plaintiff's argument.

For example, in <u>Price v. County of San Diego</u>, 165 F.R.D. 614 (S.D. Cal. 1996), the decedent's wife and child brought a wrongful death lawsuit and alleged loss of consortium. <u>Id.</u> at 617. The plaintiffs claimed privilege with respect to the wife's psychological records in response to discovery requests. <u>Id.</u> They argued that the records were not discoverable because the wife waived any claim for emotional distress or psychological damages. <u>Id.</u> at 622. The court rejected the argument, ruling that the psychological records had been placed at issue as a result of the claim for loss of consortium. <u>Id.</u> at 623. The court reasoned:

> Defendants argue that [the wife]'s psychological history is sufficiently in controversy so as to comprise good cause for discovery of the records. Defendants seek [the wife]'s psychological history because she has made a claim for loss of consortium, which places information regarding the marital relationship at issue. The character of the relationship between [the wife] and her husband [the decedent] is relevant to the issue of damages for the loss of care, comfort and society claimed by [the wife]. The mental or emotional state of the relationship (i.e., the state of affection or dislike, happiness or unhappiness) is an issue affecting damages in this wrongful death action.

<u>Id.</u> at 622. <u>Price</u> is analogous. The minors claim loss of consortium, placing the parent-child relationship at issue. The character of that relationship is relevant to damages for the loss of love, care, companionship, and guidance. ABB has a right to make a reasonable inquiry into the minors' past for the purpose, among others, of showing the mental or emotional state of the minors' relationship with their mother – an issue affecting damages. Information in the school and medical records is relevant to the loss of consortium claims and is reasonably calculated to lead to the discovery of admissible evidence. FRCP 26(b)(1).

DEFENDANT ABB LTD.'S REPLY IN SUPPORT OF MOTION TO COMPEL
DISCOVERY RESPONSES FROM PLAINTIFF – PAGE 6
CAUSE NO. 08-CV-5743 FDB

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164-2050
(206) 689-8500 • (206) 689-8501 FAX

436402 / 3516.0032

## III. CONCLUSION

For the reasons set forth above, Defendant ABB requests that the Court grant its motion to compel.

DATED this 13th day of November, 2009.

By: /s/ Michael Hooks
Michael P. Hooks, WSBA #24153
Forsberg & Umlauf, P.S.
910 Fifth Avenue, Suite 1400
Seattle, WA 98164-2050
Telephone: 206-689-8500
Fax: 206-689-8501
E-mail: mhooks@forsberg-umlauf.com
Attorneys for ABB Ltd.

DEFENDANT ABB LTD.'S REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES FROM PLAINTIFF – PAGE 7
CAUSE NO. 08-CV-5743 FDB

436402 / 3516.0032

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164-2050
(206) 689-8500 • (206) 689-8501 FAX

## CERTIFICATE OF SERVICE

The undersigned certifies under the penalty of perjury under the laws of the State of Washington that I am now and at all times herein mentioned, a citizen of the United States, a resident of the State of Washington, over the age of eighteen years, not a party to or interested in the above-entitled action, and competent to be a witness herein.

On the date given below I caused to be served the foregoing [NAME OF DOC] on the following individuals in the manner indicated:

Mr. Anthony L. Rafel
David C. Martin
Mr. Robert A. Hyde
Rafel Law Group, PLLC
999 Third Avenue, Suite 1600
Seattle, WA  98104
Facsimile:  206-838-2661
(  ) Via U.S. Mail
(  ) Via Facsimile
(  ) Via Hand Delivery
(X) Via ECF

Mr. Paul L. Anderson
Law Office of Paul L. Anderson, P.L.L.C.
P.O. Box 48102
Seattle, WA 98166
Facsimile:  206-467-0351
(  ) Via U.S. Mail
(  ) Via Facsimile
(  ) Via Hand Delivery
(X) Via ECF

Peter A. Lindh, Esq.
Marker E. Lovell, Jr.
Gibson Robb & Lindh LLP
100 First Street, 27th Floor
San Francisco, CA 94105
Facsimile:  415.348.6001
(  ) Via U.S. Mail
(  ) Via Facsimile
(  ) Via Hand Delivery
(X) Via ECF

**SIGNED** this 13th day of November, 2009, at Seattle, Washington.

*Laurie J. Fisher*
Laurie J. Fisher

DEFENDANT ABB LTD.'S REPLY IN SUPPORT OF MOTION TO COMPEL
DISCOVERY RESPONSES FROM PLAINTIFF – PAGE 8
CAUSE NO. 08-CV-5743 FDB

436402 / 3516.0032

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164-2050
(206) 689-8500 • (206) 689-8501 FAX