UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| JEFFREY D. MILES, in his capacity as Personal Representative of the Estate of Kimberly L. Miles and as legal guardian of B. M., a minor, and J. Miles, a minor,<br><br>Plaintiff,<br><br>vs.<br><br>SHANGHAI ZHENHUA PORT OF MACHINERY CO., LTS., Chinese corporation, ABB LTD., a Swiss corporation, EVERGREEN MARINE CORP., LTD., a Taiwanese corporation, HEMLOCK EQUIPMENT, LLC, a Delaware limited liability company, and ISLAND EQUIPMENT, LLC, a Delaware limited liability company,<br><br>Defendant. | No. C08-5743 FDB<br><br>**ORDER GRANTING IN PART DEFENDANT ABB, LTD.'S MOTION TO COMPEL DISCOVERY** |

This matter comes before the Court on Defendant ABB Ltd.'s Motion to Compel Discovery Responses from Plaintiff. The Court, having reviewed the pleadings, is fully informed and hereby sets forth the following discovery order.

Prior to getting to the merits of the motion, the Court is compelled to comment on what appears to be an initiation of discovery-related gamesmanship. The Court is concerned that counsel or the parties, on one or both sides of the suit, may be taking positions that do not comply with either the letter or spirit of the Federal Rules of Civil Procedure or the Local Rules of Court regarding discovery. This Court will not allow the discovery process to be abused nor will it tolerate discovery shenanigans or delaying tactics by counsel for either party or by the parties themselves. The parties and their counsel are placed on notice that the Court will take full advantage of sanctions available under the rules and this Court's inherent authority to prevent discovery abuses. If any counsel or party makes excessive demands or insufficient responses after this cautionary order by the Court, an order may be entered providing for sanctions and/or more stringent controls over discovery.

Turning to the merits of the motion, Defendant first seeks to have Plaintiff fully respond to Interrogatory No. 9.

> Defendant's Interrogatory No. 9. As to each defendant whom you claim
> is liable to you, state the following:
> (a) All facts which support or pertain to such allegations of liability;
> (b) Identify all persons having knowledge of such facts; and
> (c) Identify all documents that support or pertain to such facts.

Plaintiff's answer to (a) referred Defendant to the factual allegations of the complaint. In answer to (b), Plaintiff provided a list of individuals that Plaintiff believes has knowledge of the facts alleged in the complaint. Plaintiff objected to (c) asserting that the request sought work product opinions of Plaintiff's counsel.

The Court finds that at this stage of the discovery process, Plaintiff has sufficiently identified the underlying facts supporting the allegations of liability. Contention interrogatories which "systematically track all of the allegations in an opposing party's

pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome." Lucero v. Valdez, 240 F.R.D. 591, 594 (D.N. M.2007); see also Olson v. City of Bainbridge Island, 2009 WL 1770132 (W.D. Wash. 2009). This is especially true in the early stages of discovery. Plaintiff has stated that discovery is ongoing and that the answer will be supplemented as evidence may warrant. Further, Plaintiff has stated that a more detailed explanation of the alleged defective product will be forthcoming on production of Plaintiff's expert opinion. Plaintiff is cautioned that there is an obligation to supplement discovery in a timely manner.

Plaintiff's contention that work product immunity protects from discovery an explanation of the alleged facts supporting the allegation of a defective product is without merit. Defendant does not seek opinion, but the facts supporting the claim of defective product. Plaintiff shall provide the pertinent facts and documentation supporting Plaintiff's allegations of liability.

Next, Plaintiff failed to respond to interrogatories 18 – 20, asserting that they exceeded the 25 interrogatory limit. Courts have done their best to formulate tests for when subparts are discrete. Interrogatory subparts are counted as one interrogatory if "they are logically or factually subsumed within and necessarily related to the primary question." Safeco of America v. Rawstron, 181 F.R.D. 441, 445 (C.D. Cal. 1998); see also Trevino v. ACB American, Inc., 232 F.R.D. 612, 614 (N.D.Cal.2006). Defendant ABB Ltd.'s First Interrogatories and Requests for Production of Documents did not exceed the 25-interrogatory limit under FRCP 33(a)(1). See Safeco of Am. v. Rawstron, 181 F.R.D. 441, 445 (C.D. Cal. 1998) (indicating that interrogatory subparts are to be counted as one interrogatory if they are

434767 / 3516.0032

logically or factually subsumed within and necessarily related to the primary question). In any event, the Court has the authority pursuant to Federal Rule of Civil Procedure 33(a)(1) to allow the interrogatories at issue even if their number exceeds the 25 limit and compel responses "to the extent consistent with Rule 26(b)(2)." Fed.R.Civ.P. 33(a)(1). The Court finds it appropriate for Plaintiff to provide answers to interrogatories 18-20.

Finally, information and documents regarding the minor plaintiffs' health care providers and schools are related to their claims for loss of parental consortium and to ABB Ltd.'s defenses. Plaintiff shall provide answers to interrogatories 15 and 17. The parties may stipulate to a protective order providing for the non-disclosure of any privileged information.

Within four weeks of this Order, Plaintiff shall supplement his answers to Interrogatories No. 9, 15, and 17-20, and produce any documents in his possession, custody, or control that are responsive to Requests for Production No. 11, and 16-18. The parties shall continue to supplement discovery as the evidence warrants.

DATED this 17th day of November, 2009.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE