UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEFFREY D. MILES, in his capacity as Personal Representative of the Estate of Kimberly L. Miles and as legal guardian of B.L.M., a minor, and J.T.M., a minor,

Plaintiffs,

v.

SHANGHAI ZHENHUA PORT MACHINERY CO., LTD., a Chinese corporation, ABB LTD., a Swiss corporation,

Defendants.

Case No. C08-5743 FDB

ORDER DENYING MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS SHANGHAI ZHENHUA PORT MACHINERY CO., LTD. AND ABB LTD.

This matter comes before the Court on Defendant Shanghai Zhenhua Port Machinery Co., Ltd's motion for summary judgment. Defendant ABB Ltd. has joined in the motion. These Defendants contend that Plaintiff's action is barred by the statute of limitations. Specifically, Defendants argue that Plaintiff failed to serve a defendant within 90 days of the filing of the original or amended complaint and/or the amended complaint does not meet the requirements to relate back to the original complaint.

The Court, having reviewed the pleadings and record herein, is fully informed and hereby denies the motion for summary judgment.

ORDER - 1

**Introduction and Background**

This is a products liability action arising from the death of Kimberly Miles. On August 13, 2005, while employed as a longshore worker in Tacoma, Washington, Ms. Miles died when struck by a cargo container that fell from the edge of a vessel as she was using a designated walkway between the vessel and the crane loading the vessel. Plaintiff contends that the crane malfunctioned and the crane's spreader failed to unlock from the container being loaded on the ship, ultimately resulting in the container toppling over the edge of the vessel, crushing Ms. Miles.

After the accident, Plaintiff obtained documents from the Washington Department of Labor and Industries that concluded the accident was caused by operator error. Plaintiff continued to investigate and consulted experts and ultimately concluded the accident was caused by a defect with the crane and its components.

On January 9, 2008, Plaintiff filed suit against four John Doe defendants in Superior Court of Pierce County, Washington. Plaintiff did not serve the original complaint on any person or entity. Thereafter, Plaintiff served subpoenas duces tecum to Marine Terminals Corporation (MTC) and the Washington State Department of Labor and Industries. After further discovery, including inspection of components of the crane spreader and vessel, Plaintiff issued documents-only subpoenas to Island Equipment, LLC, Hemlock Equipment, LLC, and Evergreen Marine Corp. This discovery enabled Plaintiff to ascertain the Defendants' true identities on August 13, 2008.

Plaintiff filed a First Amended Complaint on August 13, 2008, naming Shanghai Zhenhua Port Machinery Co., Ltd. (ZPMC), ABB Ltd. (ABB), Evergreen Marine Corp., Ltd. (Evergreen), Hemlock Equipment, LLC (Hemlock), and Island Equipment, LLC (Island) as Defendants. Plaintiff served Hemlock and Island with the First Amended Complaint on November 12, 2008.

On November 21, 2008, Plaintiff served the First Amended Complaint on ABB, Inc., a wholly-owned subsidiary of ABB Ltd. Plaintiff subsequently served ABB Ltd.'s offices in Zurich, Switzerland on February 23, 2009 pursuant to the Hague Convention on Service Abroad of Judicial

ORDER - 2

and Extrajudicial Documents in Civil or Commercial Matters.

Plaintiff was unable to locate a registered agent for ZPMC in the State of Washington. Plaintiff served ZPMC's registered agent for service of process in California on December 12, 2008.

On December 12, 2008, the Pierce County action was removed to this Court.

**Summary Judgment Standards**

A party is entitled to summary judgment if that party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis of its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Where the moving party has met its initial burden with a properly supported motion, the party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 248. The non-moving party may do this by use of affidavits, depositions, answers to interrogatories, and admissions. Id. Only disputes over facts that might affect the outcome of the suit under the governing law are "material" and will properly preclude entry of summary judgment. Anderson, 477 U.S. at 248.

At the summary judgment stage, the judge's function is not to weigh the evidence or determine the truth of the matter, but to determine whether there is a genuine issue for trial.

ORDER - 3

Anderson, 477 U.S. at 249-50.

**RCW 4.16.170 and Commencement of Action**

In diversity actions, federal courts generally apply state statutes related to the commencement and tolling of statutes of limitations. See Walker v. Armco Steel Corp., 446 U.S. 740, 745-46 (1980); Lindley v. General Elec. Co., 780 F.2d 797, 799-801 (9th Cir. 1986).

In Washington State, simple torts such as negligence have a three-year statute of limitations. RCW 4.16.080; Schwartz v. Douglas, 98 Wn. App. 836, 838, 991 P.2d 665 (2000) (In an action to recover damages for personal injuries, the applicable statute of limitations is usually three years from the date of the alleged injury). Actions arising out of the death of a person must be commenced within three years of the date of death. RCW 4.16.080(2). Thus, the Defendants assert the statute of limitations on Plaintiff's action arising out of the death of Ms. Miles commenced to run on August 13, 2005, and would ordinarily bar any action not commenced on or before August 13, 2008.

The conditions necessary to commence an action, and thus toll the running of the statute of limitations, are governed by RCW 4.16.170:

> For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served whichever occurs first. If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint. If the action is commenced by service on one or more of the defendants or by publication, the plaintiff shall file the summons and complaint within ninety days from the date of service. If following service, the complaint is not so filed, or following filing, service is not so made, the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations.

Under the terms of RCW 4.16.170, the filing of a complaint does not constitute the commencement of an action for the purposes of tolling the statute of limitations; it is still necessary for the plaintiff to serve a defendant within ninety days of the date of filing in order for the commencement to be complete. O'Neill v. Farmers Ins. Co. of Washington, 124 Wn. App. 516,

ORDER - 4

523, 125 P.3d 134 (2004); Wothers v. Farmers Ins. Co. of Washington, 101 Wn. App. 75, 79, 5 P.3d 719 (2000).

In Washington, "[s]ervice of process on one defendant tolls the statute of limitations as to unserved defendants." Sidis v. Brodie/Dohrmann, Inc., 117 Wn.2d 325, 329, 815 P.2d 781 (1991). In a case of multiple defendants, a plaintiff need only serve one defendant within ninety days of filing the complaint to toll the statute of limitations as to all other named defendants. Id.

Thus, if a plaintiff files a summons and complaint within the three-year period, the statute is tolled 90 days to allow the plaintiff to serve at least one defendant. RCW 4.16.170; Caouette v. Martinez, 71 Wn. App. 69, 73, 856 P.2d 725 (1993). The effect of serving one defendant in a multi-defendant case is to stop the statute of limitations from running for unserved defendants. Sidis v. Brodie/Dohrmann, Inc., 117 Wn.2d 325, 329, 815 P.2d 781 (1991).

Here, Plaintiff filed the initial John Doe Complaint on January 9, 2008; well within the statute of limitations. Plaintiff, however, did not serve this complaint on any of the Defendants within ninety days after filing. Thus, on the initial John Doe Complaint, the action was not deemed commenced for the purpose of the statute of limitations. See Iwai v. State, 76 Wn. App 308, 884 P.2d 936 (1994); Kiehn v. Nelsen's Tire Co, 45 Wn. App. 291, 724 P.2d 434 (1986). Indeed, Plaintiff concedes that the John Doe complaint did not toll the statute of limitations.

Plaintiff filed the First Amended Complaint on August 13, 2008, the last day prior to expiration of the statue of limitations. Pursuant to RCW 4.16.170, Plaintiff had an additional ninety days to serve a defendant. This ninety-day period would normally last until November 11, 2008. However, November 11, 2008 was Veterans Day, a national holiday, and service was perfected the following day, November 12, 2008.

Rule 6(a) of the Washington Civil Rules provides that if the last day of a time prescribed by any applicable statute falls on a legal holiday, the period runs until the end of the next day which is neither a Saturday, a Sunday nor a legal holiday. Civil Rule 6(a) applies to the computation of

ORDER - 5

statutes of limitation. Christensen v. Ellsworth, 162 Wn2d 365, 376, 173 P.2d 228 (2007).

Thus, service was accomplished on a defendant within ninety days of the filing of the Amended Complaint and the statute of limitations would not bar the action.

Defendants contend that when an action is commenced by the filing of a complaint, service of the original complaint must be accomplished within the 90 day period provided by RCW 4.16.170 to toll the applicable statute of limitations. The filing of an amended complaint, if the original complaint has not been served, will not toll the statute for an additional 90 days. The statute will have run if service of the original complaint is not accomplished within 90 days of its filing. See Banzeruk v. Estate of Howitz ex rel. Moody, 132 Wn. App. 942, 135 P.3d 512 (2006).

The Court disagrees with this analysis. The failure to serve the original complaint within 90 days of filing is not a basis for dismissal unless the statute of limitations has expired. See Collins v. Lomas & Nettleton Co., 29 Wn. App 415, 419, 628 P.2d 855 (1981). If the statute of limitations has not expired, it is immaterial that the service and filing were not accomplished within 90 days of each other. Hansen v. Watson, 16 Wn. App 891, 993, 559 P.2d 1375 (1977).

The First Amended Complaint was filed within the statute of limitations and Plaintiff is entitled to the statutory 90 days in which to make service on a Defendant. To hold otherwise is contrary to common sense and requires an overly technical reading of the statute. Under the rationale of Defendants, instead of amending the John Doe Complaint as contemplated by Washington Civil Rule 10, the Plaintiff would simply be required to file a new action naming the Defendants. Plaintiff would then be entitled to the 90 day period from the date of filing the new action in which to serve a Defendant. The Court finds this to be a distinction without a difference.

Plaintiff perfected service on November 12, 2008, within the 90 day tolling of the statute of limitations. Accordingly, this action is not barred by the statute of limitations.

**Accrual Date of Cause of Action**

Statutes of limitations do not begin to run until a cause of action accrues. <u>1000 Virginia Ltd. P'ship,</u> 158 Wn.2d 566, 575, 146 P.3d 423 (2006). A cause of action usually accrues "when the party has the right to apply to a court for relief. <u>Id</u>. Under the discovery rule, a cause of action does not accrue, and as a result the statute of limitations does not begin to run-until the plaintiff knows, or has reason to know, the factual basis for the cause of action. <u>Allyn v. Boe</u>, 87 Wn. App. 722, 736, 943 P.2d 364 (1997); <u>Beard v. King County</u>, 76 Wn. App. 863, 867, 889 P.2d 501 (1995). The statute does not begin to run until the plaintiff knows or with reasonable diligence should know that the defendant was the responsible party. <u>Orear v. International Paint Co.</u>, 59 Wn. App. 249, 257, 796 P.2d 759 (1990). The rule "does not require knowledge of the existence of a legal cause of action itself." <u>Richardson v. Denend</u>, 59 Wn. App. 92, 95-96, 795 P.2d 1192 (1990). "[O]ne who has notice of facts sufficient to put him upon inquiry is deemed to have notice of all acts which reasonable inquiry would disclose. " <u>Clare v. Saberhagen Holdings, Inc</u>., 129 Wn. App. 599, 603, 123 P.3d 465 (2005).

In this wrongful death action, the cause of action does not accrue until the plaintiff knows, or with due diligence should know, that the cause of the accident may not have been operator error, but rather a defect in the product. <u>North Coast Air Servs., Ltd. v. Grumman Corp</u>., 111 Wn.2d 315, 319, 759 P.2d 405 (1988).

The plaintiff who opposes a statute of limitations defense under the discovery rule bears the burden of proving that the facts constituting the claim were not and could not have been discovered by due diligence within the applicable limitations period. <u>Clare</u>, 129 Wn. App. at 603. Whether a party exercised due diligence is a factual issue that may be determined as a matter of law when reasonable minds could reach but one conclusion. <u>Clare</u>, 129 Wn. App. at 603; <u>Cawdrey v. Hanson Baker Ludlow Drumheller, P.S.</u>, 129 Wn. App. 810, 818, 120 P.3d 605 (2005).

The Court finds that Plaintiff has presented evidence which creates a material issue of fact concerning the exercise of diligence in pursuing the wrongful death claim. Plaintiff has raised a material issue of fact whether through the exercise of due diligence Plaintiff did not ascertain the identity of the defendant(s) and/or that the crane or its components were defective, thus commencing the action within the three year statute of limitations.

**Conclusion**

For the above stated reasons, Defendants' motion for summary judgment is denied. Plaintiff perfected service on a Defendant within ninety days of filing the Amended Complaint and thus, within the three year statute of limitations. Alternatively, a genuine issue of fact is presented concerning the time of accrual of the cause of action, thus precluding summary judgment on the issue of the action being barred by the statute of limitations.

ACCORDINGLY;

IT IS ORDERED:

Defendant Shanghai Zhenhua Port of Machinery Co. Ltd's Motion for Summary Judgment [Dkt. # 63] is **DENIED**.

Defendant ABB Ltd's Joinder and Motion for Summary Judgment [Dkt. # 74] is **DENIED**.

DATED this 17th day of December, 2009.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE